## FROMONT v. ÆOLIAN CO.

### (District Court, S. D. New York. November 27, 1918.)

### No. 14–349.

COPYRIGHTS ☞77—INFRINGEMENT—OWNER OF PREMISES WHEREIN INFRINGEMENT OCCURS.

 Where defendant leased or agreed to permit another to use a concert hall in its possession, *held* that, though defendant a few days before the performance was advised not to permit, without the consent of plaintiff or his agent, the rendition of certain copyrighted music, defendant is not liable as an infringer because its lessee's artist performed the copyrighted music, etc.; defendant having no interest in the concert other than the hire of the hall.

In Equity. Bill by Eugene Fromont against the Æolian Company. Bill dismissed.

Melville H. Cane, of New York City, for plaintiff.
George D. Beattys, of New York City, for defendant.

MAYER, District Judge. The suit is the usual infringement suit, brought by the plaintiff, a French publisher of music and a resident and citizen of the republic of France, against the defendant, the Æolian Company, a Connecticut corporation. There were two other defendants, but plaintiff and those defendants arranged the controversy prior to the trial of this suit, and the suit was discontinued as to them.

Briefly stated, it appears that the Æolian Company on May 10, 1917, entered into a written agreement or lease with Antonia Sawyer, Incorporated, by the terms of which the Æolian Company, as lessor, let, and Antonia Sawyer, Incorporated, as lessee, hired, the use of the Æolian concert hall, which is leased and controlled by the Æolian Company; this hall being located in the borough of Manhattan. The lease was for 3½ hours commencing at 1:30 o'clock and terminating at 5 o'clock on October 13, 1917, and provided that the premises were to be used by Antonia Sawyer, Incorporated, for the sole purpose of giving a public piano recital by Rosita Renard at a rental specified in the lease or agreement, which rental was paid by Antonia Sawyer, Incorporated, to the Æolian Company. After May 10, 1917, and shortly prior to October 13, 1917, plaintiff by his agent notified the Æolian Company in writing of the copyright of two musical compositions known as "Prelude" and "Claire de la Lune," and advised the Æolian Company not to allow the performances thereof on October 13, 1917, at Æolian Hall, and by Rosita

Renard, presumably acting on behalf of Antonia Sawyer, Incorporated, without the permission or consent of the plaintiff or his representative.

It is stipulated that the Æolian Company, at the time when the lease was executed, had no knowledge that Rosita Renard was to perform any copyrighted works of the plaintiff, and, briefly stated, had no business relations of any kind or description with and control over the pianist, Rosita Renard, or any other person engaged or employed in the contemplated concert; and it is further stipulated that the Æolian Company did not derive any profit whatever from the performance, except the amount agreed upon, as above stated, as rental of the concert hall. When October 13, 1917, came, a public concert for profit was given at Æolian Hall by Antonia Sawyer, Incorporated, at which Rosita Renard, the pianist, played and performed the two copyrighted works above referred to, namely "Prelude" and "Claire De Lune," without authority or consent of plaintiff or his agent or representative. Prior to the concert tickets were put on public sale by Antonia Sawyer, Incorporated, at the concert hall and elsewhere, and were sold to the public, who attended the concert in considerable numbers.

From the foregoing it appears that the defendant, the Æolian Company, had no relation whatever to the performance, except that prior to any knowledge as to a claim in respect of a copyright the Æolian Company had entered into a lease of the premises for part of the afternoon of October 13th with Antonia Sawyer, Incorporated. At the time that the notice was given to the Æolian Company, that company was under a binding contract with Antonia Sawyer, Incorporated, to let the premises in question at the date and for the period above set forth. The theory of the suit is that the Æolian Company became a coinfringer. It is perfectly plain that the Æolian Company was not an infringer in the original sense. The infringers, if such they are, were Antonia Sawyer, Incorporated, and possibly the pianist, Rosita Renard.

Plaintiff asks this court to hold, under such circumstances, that the owner of a building, or a room, who has had no connection whatever with the performance of a copyrighted work, other than to let the said premises without any notice or knowledge, shall be held as an infringer. Of course, if, as in at least one English case, the owner of the premises had arranged for the infringing production, and was to receive profit therefrom, the situation would be quite different. If this court were to sustain the view advanced by the plaintiff, it might well result in the owners of buildings, such as the defendant owns, or buildings such as are occupied by hotels and restaurants and department stores, in being held as co-infringers merely because, either by permission or contract arrangement, performances are had where some performer, without any prior agreement with the owner of the building, publicly performed some copyrighted work. It is matter of common knowledge that entertainments of all kinds are given, not merely in theaters or other regular places of amusement, but in hotels, and assembly rooms, department stores,

254 F.—38

and open grounds, such as the stadium and the Polo Grounds, and other large fields adapted for the giving of concerts or pageants.

It is significant, although, of course, not controlling, that there is not to be found in the reports of American cases any case which has dealt with a cause of action similar to that here urged. To hold the defendant liable would, in my view, be to stretch both the purpose and the provisions of the Copyright Law (Act March 4, 1909, c. 320, 35 Stat. 1075 [Comp. St. § 9517 et seq.]) far beyond even the imagination of the Legislature. While unquestionably this exceedingly useful statute was passed primarily to protect authors, composers, and artists of various kinds, and to secure for them the reward of their labors, yet the act is constructed in such a manner as to safeguard the public against financial loss and damage unexpectedly and unwittingly incurred. Thus all of the preliminary provisions as to copyrighting are surrounded with great care. The notice of copyright must be given in a particular way, as the statute points out. The provisions as to damages and penalties are carefully set forth and guarded.

Viewing the act and its purpose, it seems to me that a defendant cannot be called a coinfringer who is in no sense an inducing party to the infringement, who derives no profit from the infringement, excepting in the very remote way in which it is urged that this defendant landlord derived profit here; and where, as here, a defendant enters into an ordinary everyday business contract, without any knowledge whatever of a threatened infringement, and thus becomes bound under the contract, it seems to me that the construction contended for by plaintiff would result in visiting upon innocent landlords a penalty which the statute never contemplated.

I think I have already stated that plaintiff notified the defendant of the threatened infringement, said notice having been given to the defendant a few days before October 13, 1917; but it will be remembered that at that time the outstanding agreement to let the premises had been long in existence, for, as above pointed out, this agreement was made between the Æolian Company and Antonia Sawyer, Incorporated, in May, 1917.

For the reasons thus outlined, and more, which can be amplified, if necessary, the bill is dismissed, with costs.